EARLYWINE, RESPONDENT, *v.* C. I. T. CORPORATION, APPELLANT.

(No. 7,982.)

(Submitted February 29, 1940. Decided March 15, 1940.)

[101 Pac. (2d) 59.]

*Mr. T. H. Burke,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondent, submitted a brief; *Mr. Shone* argued the cause orally.

· MR. JUSTICE ARNOLD delivered the opinion of the court.

This appeal follows a judgment in favor of the plaintiff in an action to recover damages for injury to an automobile owned by the plaintiff, the action being based upon the alleged negligence of the defendant in failing to procure insurance for the plaintiff's car after previous policies had been cancelled.

The evidence discloses that on July 3, 1936, the plaintiff ▆ bought an automobile from a dealer in Butte, the dealer retaining title to secure the unpaid balance of the purchase price, which, including insurance premiums, was to be paid in twenty-four equal monthly installments of $40.13. The dealer assigned the contract to the defendant. At the time of the assignment the Firemen's Fund Insurance Company was the insurer of the automobile against loss by fire, theft and colli-

sion. The policy remained in the hands of defendant and it informed plaintiff on June 24, 1937, that the insurance company had cancelled it and that the defendant had procured another similar policy in the Continental Insurance Company which was delivered to the plaintiff. On November 3, 1937, the defendant notified the plaintiff that the Continental Insurance Company had likewise cancelled its policy and, in the letter conveying this information, the defendant advised the plaintiff that a check for $27.93 representing pro rata return premium had been given it by the insurance company, and asked the plaintiff to let defendant hear from him with reference to the matter. The defendant also asked the plaintiff to furnish a new policy or give the defendant permission to purchase a policy for him. The concluding lines of the letter are as follows: "Accordingly, we are depending on you to either furnish a policy at this time or give us permission to purchase one for you."

The plaintiff testified that subsequently, and on November 8, 1937, he went to the defendant's office to see about the insurance and made a payment at that time on his automobile to the cashier, Miss Castellano, receiving a receipt. The payment he made was the usual payment of $40.13, which included the pro rata cost of insurance. He endeavored to relate the conversation between him and the cashier concerning the insurance, and on objection an offer of proof was made which the court allowed to go in as evidence. He testified that when he asked to see the manager concerning the letter he had received about the insurance, the cashier informed him that the manager, A. N. Castrow, was busy. He then told the cashier that he had come to see Mr. Castrow concerning the insurance; that thereupon the cashier referred to the files and advised him that insurance had been taken out and he was covered. He thereupon departed without seeing the manager and continued making payments as required in his contract.

The plaintiff subsequently, on May 23, 1938, suffered a collision resulting in damage to his automobile which forms the basis of this suit. The defendant sent an adjuster to ascertain the damages who requested an automobile repair man to get the automobile and estimate the cost of repairing it. It later

developed that the automobile had not been insured after the cancellation of the second policy, and after final payment made in July, 1938, the defendant sent the plaintiff the insurance refund hereinbefore mentioned of $27.93, which he refused to accept.

The defendant's specifications of error Nos. 1, 2 and 3 relate to the admissibility of the plaintiff's testimony concerning the statement of the cashier, Miss Castellano, the contention of defendant being that she had no authority to bind the defendant upon insurance matters, her sole duty as cashier being to receive moneys and to issue receipts, and that the statement the plaintiff claimed she made would be outside the scope of her authority. Counsel for both sides devoted considerable time to discussion of admissibility of plaintiff's testimony concerning such statement.

The plaintiff had received a letter from A. N. Castrow, manager of defendant, concerning the insurance, in response to which plaintiff went to his office with the avowed purpose of seeing him. He therefore knew the name of the person with whom he would deal concerning the insurance. From other decisions of this court, notably *Benema* v. *Union Central Life Ins. Co.,* 94 Mont. 138, 21 Pac. (2d) 69, and *Ashley* v. *Safeway Stores,* 100 Mont. 312, 47 Pac. (2d) 53, the statement alleged to have been made by Miss Castellano, the cashier, would not be sufficient, standing alone, to bind the defendant as the representation of an agent authorized to make such a statement. However, we must consider what was said and done before and after the alleged statement of the cashier to determine whether or not it was admissible under any rule of evidence.

The facts clearly indicate that the defendant was interested in having insurance on the automobile to protect its own interest therein under the title-retaining contract. It requested the plaintiff to either get insurance or give the defendant permission to procure the insurance. On a previous similar occasion the defendant had secured a policy for plaintiff. In response to the letter the plaintiff did everything that a reasonably prudent man would have done under similar circumstances—that is, he

called upon the defendant for the purpose of giving his permission to procure another insurance policy; being unable to reach the manager, he told the cashier his mission and, being advised that the automobile was insured, he made his payment not only for that month but for six succeeding months to the defendant, all of which payments included a portion of the cost of insurance as required under his contract.

The conversation between plaintiff and the cashier tends to show what he did in order to comply with the written request of the defendant relating to procurement of insurance. The alleged statement of the cashier was merely an incident of the res gestae. The main transaction was the offer of the defendant to procure coverage for the plaintiff's automobile, as it had previously done, and the acceptance of the offer by the plaintiff, which was manifested at the time the statement was said to have been made by the cashier. The plaintiff was not then interested in learning if the car was covered, but he was interested in procuring future coverage. The defendant, not taking any steps thereafter to compel plaintiff to get insurance or to refund to the plaintiff the amount of unearned insurance premium it had received for him, and continuing to accept payments including cost of insurance, would certainly be in a position of having led the plaintiff to believe his automobile was insured.

Under the facts in this case, liability would have been shown on the part of the defendant if the cashier had made no statement. The purpose of plaintiff in talking with her was to communicate to the defendant his approval of defendant's offer to procure insurance for his automobile and was in fact his answer to the letter which the defendant had written him. The plaintiff merely used this means for communicating his authority to the defendant to procure insurance for his automobile, and the subsequent acts of the defendant would certainly cause the plaintiff to believe that he was insured.

Other specifications of error relate to the giving of tions Nos. 6 and 7, which cover the question of liability as a result of deceit and fraud. The defendant's objections

are to the effect that there were no questions of fraud or deceit growing out of the issues or evidence in the case. Were the instructions standing alone, the objections might be well taken, but instructions must be considered as a whole. Instructions Nos. 8, 9 and 10 amplify and explain the questions raised by Instructions Nos. 6 and 7. We believe there was no error in giving the instructions objected to. As a matter of fact, they appear to add an additional burden upon the plaintiff of proving that the defendant's acts were motivated by an intent to deceive the plaintiff, which, of course, was not necessary in order to establish liability.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.