## REDMOND v. PETTY MOTOR CO.

No. 7562.   Decided March 27, 1952.   (242 P. 2d 302.)

See 55 C. J., Sales, sec. 847. Motor vehicle sale, warranty of fitness for. 46 Am. Jur., Sales, sec. 349; 43 A. L. R. 648.

*Horace J. Knowleton,* Salt Lake City, for appellant.

*John H. Snow, Edgar C. Jensen,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Two questions are raised by this appeal: (1) Whether the court erred in refusing to submit to the jury the issue of an express or an implied warranty as to fitness for use of a second hand Ford truck sold by defendant to the plaintiff; (2) Whether the court erred in granting a judgment nothwithstanding the verdict upon the question of defendant's failure to obtain an insurance policy under which plaintiff's claim based upon damage to the truck resulting from an accident would have been paid.

On March 28, 1949, plaintiff purchased a 1946 Ford 10-wheeler truck from the defendant. Plaintiff alleged that said truck was warranted to be in a good condition of repair and that it was warranted for 90 days. Plaintiff drove the truck less than a thousand miles when the motor exploded and had to be replaced.

Under the purchase agreement defendant was to procure insurance coverage for the truck. In the presence of the plaintiff, the defendant telephoned an insurance agent to determine the cost of truck insurance and the amount of the quoted premium was added to the purchase price of the truck. On March 30, 1949, the defendant, through its regular business operations, made application for the insurance. This application was dated April 5, 1949, on the insurance agency's records. While the plaintiff was driving the truck after replacement of the engine it ran off the highway, overturned and was damaged. This occurred on April 6, 1949. Notice of this accident was not transmitted to the insurance company until after a policy countersigned

by the Utah agent on April 12, 1949, had been issued. This policy, as is evidently the custom of the automobile insurance business, was antedated to take effect as of the date of the conditional sales contract (March 28, 1949) and was to remain in force until March 28, 1950. On June 15, 1949, a cancellation of the policy to be effective June 20, 1949 on the grounds of "misrepresentation" was mailed to plaintiff by the insurance company. The insurance company refused to pay the accident claim and the plaintiff sued the defendant, contending that defendant had failed to procure collision insurance as it had agreed to do. The insurance company was not joined in the action and the plaintiff made no attempt, except that presently stated, to assail the validity of the insurance policy. The only evidence produced to indicate the policy was invalid at the time of the accident, was the fact that a claim presented by plaintiff to the insurance company through an independent adjusting firm had been denied. The lower court rendered a judgment in favor of the defendant notwithstanding the verdict of the jury.

We address the first question set out hereinabove. The record reveals that in return for a reduction in the purchase price, plaintiff agreed to take the purchased truck "as is" except for a few repairs to be made by the defendant. Plaintiff signed a purchase order upon which the repairs to be made were listed, following which notation "otherwise as is" was written.

Thereafter, the plaintiff signed the conditional sales contract. This contract was introduced into evidence. Among the provisions thereof was the following:

"It is further understood and agreed that this contract contains the complete agreement between the parties hereto, that all negotiations on behalf of the seller have been carried on by an agent of the seller; that no representations or warranties, express or implied have been made except those which are set forth in this agreement; that purchaser hereby waives any and all claim against the seller growing out of any representation or warranties not specifically set forth herein; that purchaser has made an independent investigation of the

property and has relied solely upon his own investigation with reference thereto in entering into this contract, and has placed no reliance nor acted upon any representation or warranties upon the part of the seller or the seller's agent not specifically set forth herein."

There is no evidence in the record that the plaintiff did not read the conditional sales agreement or that he was precluded from reading it by any action or representation of the defendant. In view of this fact and of the non-warranty provision quoted above, the plaintiff's ▮ cause of action based upon warranty is governed by the case of *Landes & Company* v. *Fallows*, 81 Utah 432, 19 P. 2d 389. Therein we held that where a written contract provided that there was no warranty express or implied, in the sale of a machine, the buyer could not predicate a defense to an action on a note for a part of the purchase price, on an oral warranty given before the execution of the contract, or on an implied warranty that the machine purchased was suitable for the purpose for which it was sold. The trial court did not err in refusing to submit to the jury plaintiff's cause of action based upon warranty.

In view of the foregoing, it is unnecessary to discuss the question as to whether an "as is" provision in a contract for the sale of personal property is tantamount to a non-warranty. The question is discussed in Berry on Automobiles, 6th Ed., Vol. 2, Section 1758, and see *Roby Motors Co.* v. *Cade*, La. App., 158 So. 840; *Williams* v. *McClain*, 180 Miss. 6, 176 So. 717; *Rogers* v. *Hale*, 205 Iowa 557, 218 N. W. 264.

Appellant's assignment of error which raises the second question stated at the outset must likewise be overruled. It is conceded by respondent that the seller of an automobile under a title retaining contract who has gareed to place insurance upon the property, must act in ▮▮ good faith and must use reasonable care and dilgence in procuring such insurance policy where the premium

therefore has been added to the amount which the purchaser agrees by said contract to pay. To this effect, see *Jones* v. *First State Bank of Dumas,* Tex. Civ. App., 145 S. W. 2d 681; *Earlywine* v. *C. I. T. Corporation,* 110 Mont. 295, 101 P. 2d 59; *United States Fire Ins. Co. of New York* v. *Rayburn,* 183 Okl. 271, 81 P. 2d 313; *Farlow* v. *Barton,* 60 Ga. App. 287, 3 S. E. 2d 777; *Dahlhjelm Garages, Inc.* v. *Mercantile Ins. Co. of America,* 149 Wash. 184, 270 P. 434; *Broyles* v. *International Harvester Co.,* 202 Ark. 267, 150 S. W. 2d 733. However the record here does not establish a violation upon the part of the respondent of the obligation thus imposed. It reveals that the respondent acting in the usual course of business and under the customary method of obtaining insurance coverage, actually obtained a policy which was not proved invalid by the appellant. The delay in the cancellation of the policy of the insurance company indicated that it was in force at the time of the damage to defendant's truck. In the absence of countervailing evidence, the notice of cancellation would compel a conclusion that the policy was effective to protect the appellant. This policy was in evidence and stated on its face that it was effective between March 28, 1949 and March 28, 1950. The insurance company's refusal to pay appellant's claim was not shown to be due to the fault, neglect or bad faith of the respondent. The latter did not assume the position of an insurer. It assumed the obligation of exercising such reasonable skill and ordinary diligence as may be fairly expected from a reasonably prudent business man in his situation doing which is necessary to secure the insurance policy and protect the purchaser. See 44 C. J. S., Insurance, § 172. Appellant's own evidence proved that respondent was to procure insurance, that he did procure a policy and that the claim under that policy was refused through no fault of the respondent. There was no evidence that the respondent had not acted in good faith, or that it did not exercise diligence, or had been negligent. Under that state of the record, the trial court was correct in entering a judg-

ment notwithstanding the verdict. The judgment is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.