484 P.2d 125 (1971)
NATIONAL MOTORS, INC., and Western Surety Company, Plaintiffs in Error,
v.
Marvin E. NEWMAN and Carol A. Newman, Defendants in Error.
No. 70-668. (Supreme Court No. 24180.)
Colorado Court of Appeals, Div. II.
April 20, 1971.
Yegge, Hall & Evans, Robert S. Treece, William F. Dressel, Denver, for plaintiffs in error.
*126 Ronald F. Flader, Denver, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The plaintiffs, Newmans, brought an action against National Motors, Inc., a licensed automobile dealer, to recover damages for an alleged breach of contract to procure insurance. Western Surety Company, which issued a bond to National Motors pursuant to C.R.S.1963, 13-11-9, was also named a defendant. After trial to the court, a judgment was entered in favor of plaintiffs and against both defendants in the amount of $1,618.75 plus interest, costs, and expert witness fees of $75. From such judgment both defendants have appealed, and the parties are before us in reverse of their trial court positions.
The record discloses the following: In April 1967, plaintiffs purchased an automobile from National Motors. As part of the purchase agreement, National Motors agreed to procure insurance for the plaintiffs which would pay off any balance due on the purchase agreement in the event of Mr. Newman's death or disability. The cost of insurance was included in the purchase agreement and was paid by the plaintiffs. National Motors never obtained the insurance as agreed upon. In October 1967, Mr. Newman was disabled as the result of an accident.
National Motors offered evidence to show that they were unable to procure the insurance and had notified plaintiffs of such fact by mail in May of 1967. Plaintiffs testified that they did not receive notification of any inability on the part of National Motors to obtain the insurance prior to December 1967. In December 1967, National Motors sent plaintiffs' unused insurance premium payment to the bank to which the purchase agreement had been assigned, and the premium payment was apparently credited to plaintiffs' account.

I.
It is generally held that, where the seller of an automobile agrees to secure insurance for the buyer's account, the seller does not assume the position of an insurer, but assumes only the obligation of exercising such reasonable skill and ordinary diligence as might be fairly expected from a reasonably prudent businessman in his situation doing what was necessary to secure insurance and protect the purchaser. Redmond v. Petty Motor Co., 121 Utah 370, 242 P.2d 302. See also 16 J. Appleman, Insurance Law and Practice § 8840.
Whether National Motors' conduct conformed to the above rule depends largely in this case upon whether it had in fact notified the plaintiffs in May 1967 of its inability to procure the insurance. The defendants offered into evidence a copy of a letter from National Motors' business files dated May 1967, which was addressed to the plaintiffs and advised them that National Motors had been unable to obtain the insurance. The defendants also introduced evidence to show that the letter would have been mailed in the normal course of National Motors' business operations. The trial court ruled that this evidence of a business practice, without more, was insufficient, as a matter of law, to establish that the letter had in fact been mailed and admitted the letter solely for the limited purpose of showing that it had been written.
Under the better-reasoned authorities, the existence of a business custom or practice is sufficient to warrant a presumption that a particular letter was duly posted. Mohr v. Universal C. I. T. Credit Corp., 216 Md. 197, 140 A.2d 49; Start v. Shell Oil Co., 202 Or. 99, 273 P.2d 225; 1 J. Wigmore, Evidence § 95 (3d ed.). Although this presumption is rebuttable and there was evidence in the record which might support a finding that such presumption had been overcome, no finding was made on this question, and it is beyond our province to rule on such question of fact. In view of *127 the presumption of posting, the trial court should have considered the letter for all purposes and then found whether the presumption of posting was or was not overcome by the other evidence.
The record is also void of any findings by the trial court as to whether National Motors exercised reasonable skill and diligence in attempting to procure insurance for the plaintiffs. Such a factual determination constitutes the key issue in this case. As we read the trial court's findings and conclusions, it held that by agreeing to procure the insurance National Motors had assumed an unconditional liability as an insurer to provide the insurance. This was error. Redmond v. Petty Motor Co., supra.

II.
Although the foregoing matters, which demand a retrial of this case, are dispositive of this appeal, there are two additional points of error which we comment upon at this time because of their significance in a retrial of this case.
The first of these concerns the liability of the defendant Western Surety Company as surety on the statutory bond of National Motors. Under the provisions of C.R.S.1963, 13-11-11(1) and 13-11-14(1) and (5), it is provided that any person who suffers loss or damage by reason of a violation by any automobile dealer of any of the laws of this State respecting commerce in motor vehicles shall have a right of action, not only against the automobile dealer, but also against the surety on the dealer's bond. Under the provisions of C.R.S.1963, 13-16-6(3), it is provided as follows:
"Every retail seller or sales finance company, if insurance is included in a retail installment contract, shall within thirty days after execution of the retail installment contract send or cause to be sent to the retail buyer a policy or policies or certificate of insurance, which insurance shall be written by a company authorized to do business in this state, clearly setting forth the amount of the premium, the kind or kinds of insurance and the scope of the coverage and all of the terms, exceptions, limitations, restrictions and conditions of the contract or contracts of the insurance."
It is the contention of the plaintiffs that the provisions of C.R.S.1963, 13-16-6(3), placed an unconditional burden upon National Motors to secure and furnish the insurance provided for in the purchase agreement, and that upon the failure of National Motors to furnish such insurance and full evidence of the insurance within the thirty-day period specified in the statute National Motors became guilty of a statutory violation which in turn gave rise to an action against its bond surety. This contention is incorrect.
It is generally recognized that the purpose of a statutory provision similar to C.R.S. 1963, 13-16-6(3), is to insure that if insurance is obtained by an automobile dealer pursuant to the terms of a purchase contract, full information as to the insurer and the scope of coverage will be timely furnished to the insured purchaser. 16 J. Appleman, Insurance Law and Practice § 8840. As we have stated, the failure of National Motors to acquire the insurance, and its possible failure to give to the plaintiffs timely notice of such fact might render it liable for damages, but such failures do not constitute a violation of the statute.
The defendants also contend as a point of error that the trial court erred in awarding interest on the entire judgment from the date the complaint in this action was filed. We agree that this was error since this suit involved an unliquidated claim on an alleged breach of contract. Hendrie v. Board of County Commissioners, 153 Colo. 432, 387 P.2d 266.
The judgment of the trial court is reversed, and this cause is remanded for a new trial in conformity with the views expressed in this opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.