**CITY AND COUNTY OF DENVER, A Municipal Corporation; City and County of Denver, Department of Public Works; and Manager of Public Works for the City and County of Denver, Colorado, Defendants–Appellants and Cross–Appellees,**

v.

**EAST JEFFERSON COUNTY SANITATION DISTRICT, Plaintiff–Appellee and Cross–Appellant.**

No. 87CA1552.

Colorado Court of Appeals, Div. IV.

Dec. 29, 1988.

Rehearing Denied Feb. 9, 1989.

Stephen H. Kaplan, City Atty., William C. Murray, Jr., Efrain M. Padro, Asst. City Attys., Denver, for defendants-appellants and cross-appellees.

Silver & Hayes, P.C., Sheldon H. Smith, Penny L. Christy, Denver, for plaintiff-appellee and cross-appellant.

TURSI, Judge.

The City and County of Denver, City and County of Denver, Department of Public Works, and the Manager of Public Works for the City and County of Denver (the City), appeals the judgment entered by the trial court reversing an administrative decision and order issued by the manager of public works for the City. Plaintiff, East Jefferson County Sanitation District (District), cross-appeals arguing that the trial court erred by failing to find the City's claims were barred by res judicata. We reverse the judgment entered on behalf of the District and deny its cross-appeal.

This action arose in connection with a billing dispute between the parties over fees assessed by the City for wastewater treatment and related services. Denver Revised Municipal Code § 56–101 governs the measuring, billing, and collecting of fees charged outside the City. Under § 56–101(a), any connector who disputes the City's measurement of water treated has the right to an administrative hearing upon written request. A modification or revision of any charge may also be requested pursuant to § 56–106 of the code. The City must respond to a request submitted under § 56–106 with a written determination that either grants or denies an adjustment to the fee charged. The determination may be appealed and a hearing is to be held before the manager of public works or his designee if a petition for review is filed within 30 days after the requesting party receives notification of the City's determination. Any decision rendered at the hearing is a final determination which may be reviewed by the district court under C.R.C. P. 106(a)(4). *See* Denver Revised Municipal Code § 56–106(a)–(f).

The decision of the manager of public works in these matters must be in writing "and notice thereof shall be mailed to or served upon the petitioner within a reasonable time from the date of the manager's action." The decision becomes final upon the expiration of 30 days from the time notice is mailed or personally served. Service is conclusively established if it is made by certified mail (return receipt requested). Denver Revised Municipal Code § 56–116.

The City billed the District $69,582.33 in December of 1983 for services provided to

the District under an agreement between the parties. The District, objecting to the amount charged, sent a settlement request letter to the City on May 4, 1984. The City declined the settlement offer in a letter dated May 24, 1984, and advised the District of its right to petition for an administrative hearing. The District contends it never received the letter or any other response from the City. On August 24, 1984, the District sent the City a second letter revoking its earlier offer of settlement.

Approximately six months later, the City sued the District in an effort to recover the charges billed. However, the trial court held that it did not have jurisdiction over the controversy because it found that the City had failed to exhaust its administrative remedies. Consequently, it entered summary judgment for the District and dismissed the City's complaint.

Following the dismissal of the action, the City sent a letter to the District by certified mail. In the letter, the City again demanded payment of the charges and informed the District that the amount due could not be adjusted. The City further instructed the District that it could contest the City's determination at an administrative hearing by filing a written petition within 30 days.

The District submitted a petition for review and an administrative hearing was held. In the decision and order issued after the hearing, the hearing officer found that he had jurisdiction over the matter, and concluded that the fees charged by the City were accurately calculated.

The District sought review and relief from the decision and order under C.R.C.P. 106(a)(4). In its review of the administrative hearing, the trial court upheld the hearing officer's finding that the fees were properly charged. However, the trial court granted relief from the decision and order after holding that the hearing officer lacked jurisdiction to hear the dispute. The trial court ruled that the City had failed to provide notice to the District within a reasonable time of its May 24 determination in violation of § 56–106 and § 56–116. We disagree, and hold that the hearing officer

had jurisdiction to decide the matter under either § 56–101(a) or § 56–106.

■■■ Both the hearing officer and the trial court in the C.R.C.P. 106(a)(4) action found that the City mailed the letter dated May 24 to the District on May 29, 1984. A letter properly mailed is presumed received by its addressee. *Olsen v. Davidson*, 142 Colo. 205, 350 P.2d 338 (1960); *see also National Motors, Inc. v. Newman*, 29 Colo.App. 380, 484 P.2d 125 (1971). When an addressee denies receiving the letter, the binding effect of the presumption ends, and the trier of fact is left to decide the issue based upon the weight of the evidence. 9 J. Wigmore, *Evidence* § 2519 (Chadbourn rev. ed. 1981). *See also Olsen v. Davidson, supra.* Therefore, despite the District's uncontradicted denial that the letter was received, the hearing officer was not precluded from finding to the contrary. *See* 9 J. Wigmore, *Evidence,* supra (A rule giving conclusive effect to an addressee's uncontradicted denial of receipt would be unsound because the trier of fact might disbelieve the denial.)

■■ In any event, regardless of whether the May 24 letter reached the District, a failure to receive notice is not equated with the failure to act within a reasonable time under § 56–116. Here, not only did the City respond to the District's offer of settlement in timely fashion, but there is no dispute that the City reinstituted notice in a proper manner after the dismissal of its lawsuit. Therefore, the hearing officer's exercise of jurisdiction over this matter was neither arbitrary nor capricious, and it was error for the trial court to reverse the administrative decision and order. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986). Furthermore, the District's amended petition for review operated as a request for an administrative hearing thereby vesting the hearing officer with jurisdiction under § 56–101(a).

We do not address the City's additional claim of error as it is unnecessary in view of our reversal of the judgment.

■■ We find no merit in the District's res judicata argument, raised in the cross-

appeal, which contends that the dismissal of the City's lawsuit because of its failure to exhaust its administrative remedies was, in essence, a ruling by the court that the City had violated Denver Revised Municipal Code §§ 56–106 & 56–116.

The trial court's entry of judgment granting relief to the District is reversed and the cause is remanded to the trial court with directions to reinstate the administrative decision.

METZGER and FISCHBACH, JJ., concur.