**EZ BUILDING COMPONENTS MFG., LLC, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado, Reliance National Insurance Co., and Robert A. Summers, Respondents.**

No. 02CA2059.

Colorado Court of Appeals, Div. II.

June 5, 2003.

Sutherland Tarler and Laugesen, P.C., Stacy J. Tarler, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Treece Alfrey Musat & Bosworth, P.C., Margaret Keck, Denver, Colorado, for Respondent Reliance National Insurance Co.

No Appearance for Respondent Robert A. Summers.

Opinion by Judge CASEBOLT.

EZ Building Components Mfg., LLC (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that Reliance National Insurance Co. (insurer) had cancelled employer's workers' compensation insurance policy before an industrial injury suffered by Robert A. Summers (claimant). We affirm.

Insurer issued a policy providing employer with coverage from March 20, 2000, to March 20, 2001. The policy required nine monthly payments to be made by the twentieth of each month from April to December 2000. Employer made four of the payments after the twentieth, and then only upon notice that insurer would cancel the policy if payment was not made by a date certain. In each of those four instances employer paid by the date stated in the notice of cancellation.

However, the check for the November payment was returned for insufficient funds. The administrative law judge (ALJ) found that on December 15, 2000, insurer sent employer a notice, by certified mail, stating that if the late November payment, plus the December payment, were not received by December 29, 2000, the policy would be cancelled. The ALJ also found that this notice of cancellation was sent by regular mail to employer's insurance agent and electronically to the Division of Workers' Compensation.

The ALJ found that employer mailed a check to insurer dated December 29, 2000, but the insurer did not receive it until after the cancellation date. The ALJ concluded that the policy was cancelled on December 29, before claimant's injury on January 4,

2001. Hence, employer, rather than insurer, was liable for workers' compensation benefits.

The Panel affirmed the ALJ's finding that the notice of cancellation was properly sent to employer by certified mail. Furthermore, the Panel agreed with the ALJ that because the notification to the insurance agent and Division constituted substantial compliance with the notice requirements, the policy was effectively cancelled.

### I.

■ Employer contends that the failure to notify the agent and Division by certified mail renders the cancellation ineffective. Under the circumstances, we disagree.

Section 8–44–110, C.R.S.2002, which incorporates an amendment not pertinent to this appeal, provides that a workers' compensation insurance carrier "shall notify the division, any employer insured by the carrier . . . and any agent or representative of such employer, if applicable, by certified mail of any cancellation of such employer's insurance coverage."

Employer argues that there must be strict compliance with all of these cancellation requirements because "shall" is mandatory. Employer therefore asserts that the Panel erred in affirming the ALJ's conclusion that insurer's actual notice to the Division and the agent, even though not sent by certified mail, constituted substantial compliance with § 8–44–110. We disagree.

■ The use of the word "shall" creates a presumption that a stated requirement is mandatory. *Salazar v. Indus. Claim Appeals Office,* 10 P.3d 666 (Colo.App.2000); *see Allison v. Indus. Claim Appeals Office,* 884 P.2d 1113 (Colo.1994)("shall" refers to a mandatory act).

Nonetheless, the concept of substantial compliance has been applied to various notice requirements in workers' compensation proceedings even when those requirements otherwise appear to be mandatory. *See Pacesetter Corp. v. Collett,* 33 P.3d 1230 (Colo.App.2001)(discussing cases allowing substantial compliance with statute governing insurer's notice of admission); *Rendon v.*

*United Airlines,* 881 P.2d 482 (Colo.App.1994)(cover letter constituted substantial compliance with statute requiring that if petition to review was filed by mail, a certificate of mailing must indicate that the petition was mailed appropriately), *abrogated on other grounds by Horodyskyj v. Karanian,* 32 P.3d 470 (Colo.2001); *Pub. Serv. Co. v. Boatwright,* 749 P.2d 456 (Colo.App.1987)(claimant's admitted receipt of benefits constituted insurer's substantial compliance with statute requiring that it give claimant written notification of admission of liability); *Lantern Inn v. Indus. Comm'n,* 624 P.2d 929 (Colo.App.1981)(claimant substantially complied with requirement to give notice of election of remedy, where notice was given to employer of claimant's intent to request compensation).

Furthermore, a division of this court has held that a statute requiring notice by certified mail need not be strictly enforced if actual notice was received and the statute does not treat the method of notice as jurisdictional. *Feldewerth v. Joint Sch. Dist. 28–J,* 3 P.3d 467 (Colo.App.1999)(statute provided that notice of intent to dismiss shall be given by certified mail, but failure to provide such notice by certified mail is not fatal where teacher's attorney admitted teacher received actual notice); *cf. Sanchez v. Straight Creek Constructors,* 41 Colo.App. 19, 580 P.2d 827 (1978)(because statutory review procedures are unmistakably jurisdictional in nature, substantial compliance is ineffective).

Here, it is undisputed that the agent and the division received actual notice of cancellation. Furthermore, there is no indication that the rights of employer were affected by the method of giving notice to the agent and the division, or that the provision for certified mail is a jurisdictional requirement. Thus, we agree with the Panel that substantial compliance with the notice requirements of § 8–44–110 was sufficient to effect a cancellation of the policy. *See Humane Soc'y v. Indus. Claim Appeals Office,* 26 P.3d 546 (Colo.App.2001) (giving due deference to the Panel's interpretation of a statute because it is the agency charged with its enforcement). *But see Postlewait v. Midwest Barricade,* 905 P.2d 21 (Colo.App.1995)(requiring strict

compliance with statute providing that injured employee shall notify employer in writing of the injury; rejecting argument that oral notice was sufficient); 9 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 150–03[1], at 150–16 (2002)(requirements for cancellation of insurance are generally exacting and strictly construed).

## II.

Employer next contends that substantial evidence does not support the ALJ's finding that the insurer sent the notice of cancellation by certified mail. We disagree.

 Whether notice was mailed is a question of fact. *See Campbell v. IBM Corp.*, 867 P.2d 77 (Colo.App.1993). The existence of a business custom is sufficient to warrant a presumption that notice was sent, and it is the province of the trier of fact to decide whether that presumption is overcome by other evidence. *See Nat'l Motors, Inc. v. Newman*, 29 Colo.App. 380, 484 P.2d 125 (1971).

Here, insurer's underwriting manager testified as to the usual mailing procedures and stated that the notice of cancellation was sent to employer on December 15, 2000. A copy of the receipt for certified mail reflecting mailing on that date was admitted into evidence. Most important, employer's general partner admitted receiving the notice.

On this record, we perceive no error in the ALJ's finding that insurer sent the notice of cancellation to employer by certified mail. This finding is within the ALJ's province, and inasmuch as it is supported by the evidence, we will not disturb it. *See Kroupa v. Indus. Claim Appeals Office*, 53 P.3d 1192 (Colo.App.2002)(ALJ resolves conflicts in the evidence, makes credibility determinations, determines the weight to be accorded to expert testimony, and draws plausible inferences from the evidence).

## III.

Employer also contends that substantial evidence does not support the ALJ's resolution of issues regarding the timeliness of the notice and insurer's receipt of employer's payment. However, although these issues were raised before the ALJ, they were not raised before the Panel. Accordingly, we do not address them. *See Arenas v. Indus. Claim Appeals Office*, 8 P.3d 558 (Colo.App. 2000).

The order is affirmed.

Judge NEY and Judge WEBB concur.