This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SUNITA MOOLA**,

  Petitioner-Appellant,

v.                **NO. 30,290**

**SURJIT MOOLAMALLA,**

  Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellant

Michael L. Stout
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

Wife appeals from Husband's acquittal of criminal contempt. Concluding that Wife does not have standing, we dismiss the appeal.

**BACKGROUND**

Husband and Wife were involved in a civil domestic violence proceeding filed in February 2008, in which an order of protection was entered against Husband. Wife subsequently filed an affidavit alleging Husband had violated the order of protection, and a domestic violence special commissioner heard evidence regarding the allegation on April 3, 2008. The special commissioner found that Husband violated the order of protection and recommended that the district court adopt its finding and impose a deferred sentence of twenty-four hours incarceration. On April 4, 2008, the district court signed a minute order prepared by the special commissioner that included these findings and ordered that "Respondent/Petitioner appear before a District Court Judge to answer as to why he/she should not be sanctioned for failure to obey a court order." However, a hearing was not scheduled pursuant to the order.

Fourteen months later, after motions were filed by both parties regarding the pending matter, the district court entered its order directing that a de novo trial be held on the alleged contempt. In the order, the district court also directed Wife to prosecute the matter and prove the violation under the criminal standard of beyond a reasonable doubt. Wife objected to the court's directive that she prosecute the action, and

maintained that the court had lost jurisdiction due to the passage of time which had passed since the minute order was signed. The district court disagreed.

A de novo bench trial was held on December 14, 2009. Wife presented no new evidence at the trial and relied exclusively on the testimony from the April 3, 2008 hearing before the special commissioner. Husband likewise presented no additional evidence. After considering the testimony presented at the April 3, 2008 hearing, the district court concluded the evidence was insufficient to establish a violation of the order of protection beyond a reasonable doubt. Thus, a verdict of acquittal in Husband's favor was entered.

Wife appeals Husband's acquittal, arguing that the district court lost jurisdiction to hear the contempt proceeding and erred in requiring her to prosecute the charges against Husband. On appeal, Wife seeks reinstatement of the special commissioner's finding that Husband violated the order of protection.

**ANALYSIS**

We address on our own whether Wife has standing to assert the issues she raises on appeal. *See St. Sauver v. N.M. Peterbilt, Inc.*, 101 N.M. 84, 87, 678 P.2d 712, 715 (Ct. App. 1984) (dismissing an appeal where a party was not an "aggrieved party" to the underlying lawsuit).

3

Our Supreme Court recently clarified the analysis of the issue of standing and its effect on subject matter jurisdiction in New Mexico proceedings. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, 144 N.M. 471, 188 P.3d 1222. Specifically, the Court noted that "standing may be a jurisdictional matter when a litigant asserts a cause of action created by statute." *Id.* ¶ 9 n.1. "When a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction." *Id.* (internal quotation marks and citation omitted). Under these circumstances, "[s]tanding then becomes a jurisdictional prerequisite to an action." *Id.* (internal quotation marks and citation omitted). Our Courts have long recognized that when the issue of standing is considered jurisdictional, it "may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 20, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citation omitted); *Alvarez v. State Taxation & Revenue Dep't*, 1999-NMCA-006, ¶ 6, 126 N.M. 490, 971 P.2d 1280; *Armijo v. Save 'N Gain*, 108 N.M. 281, 282, 771 P.2d 989, 990 (Ct. App. 1989).

Our statutes governing appeals from contempt proceedings specifically provide that "any person convicted of criminal contempt" may appeal, while "any person aggrieved" may appeal from a civil contempt proceeding. NMSA 1978, § 39-3-15(A)

(1966) ("Any person aggrieved by the judgment of the district court in any proceeding for civil contempt, and any person convicted of criminal contempt . . . may appeal within thirty days from the judgment of conviction to the supreme court or the court of appeals, as appellate jurisdiction may be vested by law in these courts.").

We addressed this statutory distinction in *Kucel v. New Mexico Medical Review Commission*, 2000-NMCA-026, 128 N.M. 691, 997 P.2d 823. *Kucel* involved a case of civil contempt brought by a petitioner who sought the enforcement of a writ of mandamus granted by the district court compelling the director of the Medical Review Commission to submit the petitioner's claims to a panel hearing. *Id.* ¶¶ 7-9. The director sent a redacted form of petitioner's claims to the panel after the district court entered its order, and the petitioner moved the court for an order to show cause why the director should not be held in contempt for violating the order. *Id.* ¶¶ 8-9. The district court denied the motion to show cause. *Id.* ¶ 9. The petitioner appealed, and in examining whether the petitioner was an aggrieved party under the statute with the right to appeal we stated, "[w]e view the statutory distinction between 'any person *aggrieved*' (in the case of proceedings for *civil* contempt) as opposed to 'any person *convicted*' (in the case of criminal contempt) as an indication of the Legislature's intention to extend the right of appeal in civil contempt proceedings to persons such

5

as [the p]etitioner who have unsuccessfully sought enforcement of an order through a contempt proceeding." *Id.* ¶¶ 11-13.

Thus, while Wife might have standing to appeal from a civil contempt adjudication, neither party argues on appeal that the district court improperly treated this as a criminal contempt proceeding rather than a civil contempt proceeding. *See State ex rel. Bliss v. Greenwood*, 63 N.M. 156, 159, 315 P.2d 223, 225 (1957) ("Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal. Where the primary purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil."). Nor does Wife argue that the district court erred in failing to conduct a separate civil contempt proceeding. Rather, Wife only asserts errors in the procedure and jurisdiction of the district court in adjudicating the criminal contempt action against Husband.

Husband was ordered to show cause in a criminal contempt proceeding on allegations that he violated the order of protection. Husband was acquitted of those charges. Wife now asserts appellate rights resulting from alleged errors in the procedure in the adjudication of the criminal contempt action against Husband. No language in the statute permits a third party, such as Wife in this case, to appeal the acquittal of another for criminal contempt. *See* § 39-3-15. Our statute plainly states

6

that in cases of criminal contempt, the rights of appeal lie in the individual convicted of that contempt. *See id.* Thus, we decline to reach any of Wife's arguments as they arise from alleged errors in the contempt proceedings solely against Husband, and Wife is not an aggrieved party under Section 39-3-15.

Although we are declining to reach Wife's arguments, we would like to comment on the procedure used by the district court. NMSA 1978, Section 40-13-3.1(A) (2011) directs that an alleged victim of domestic abuse such as Wife "shall not be required to bear the cost of . . . the prosecution of a misdemeanor or felony offense arising out of an incident of domestic abuse." We are concerned that the district court required Wife to prosecute the case against Husband. Having noted this, however, we observe that the same evidence that was presented to the special commissioner was presented at the de novo trial, and Husband presented no additional evidence. Accordingly, the record before the district court was the same as before the commissioner. Although there might have been a procedural error, the record demonstrates that Wife's allegations were considered and Husband had an opportunity to respond. Based on this, the district court determined that there was insufficient evidence to convict Husband of violating the protective order and acquitted him. From this determination, there is no appeal under Section 39-3-15.

**CONCLUSION**

The appeal is dismissed.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**