Donald Paul ANDERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–1157–MR.

Court of Appeals of Kentucky.

Sept. 15, 1995.

David A. Lambertus, Louisville, for appellant.

Chris Gorman, Attorney General, Cindy A. Goldhill, Assistant Attorney General, Frankfort, for appellee.

Before LESTER, C.J., and COMBS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the judgment and sentence of the Jefferson Circuit Court entered on April 27, 1994. The appellant had entered a conditional plea of guilty to the crimes of operating a motor vehicle under the influence, fourth offense, and operating a motor vehicle while his license was revoked.

On October 28, 1993, the appellant was arrested for driving under the influence of intoxicants. He was subsequently indicted by the Jefferson County Grand Jury for operating a motor vehicle under the influence of intoxicants (DUI), fourth offense, KRS 189A.010(4)(d), and operating a motor vehicle while his license is revoked, KRS 189A.090(1), (2)(a). Prior to the incident giving rise to the immediate charge, the appellant had been charged and convicted of DUI on previous occasions. The appellant concedes the following:

(1) On October 17, 1987, he was charged with DUI, and thereafter pled guilty to the charge on November 20, 1987.

(2) On September 23, 1989, the appellant was charged with DUI. He pled guilty to that offense on January 19, 1990, and was fined and sentenced to 120 days in jail. Only 30 days of that sentence were to be served.

(3) The appellant was charged with DUI on November 19, 1989. He entered a plea of guilty on January 19, 1990, and was fined and sentenced to 120 days in jail. Once again he was only to serve 30 days of that sentence to run concurrently with the sentence imposed due to the September 1989 charge.

(4) On June 26, 1992, the appellant was charged with DUI fourth offense. He pled guilty to a DUI third offense and was fined and sentenced to 360 days in jail with one-half being conditionally discharged.

For purposes of this appeal, the appellant's first DUI conviction has no relevance as it falls outside the five-year period designated by KRS 189A.010.

The appellant moved the trial court to remand the case to district court, advocating that the above facts do not establish a DUI felony charge. The appellant submitted that the two 1989 charges had to be treated as a single conviction for purposes of enhancing this charge under KRS 189A.010(4)(d). The trial court concluded that the plain meaning of the statute would allow the two convictions stemming from the 1989 incidents and the 1992 conviction to be used to enhance the present charge to a DUI fourth offense. The appellant entered a conditional plea of guilty on the crimes as charged, and this appeal followed.

The appellant maintains that the nature of his prior convictions and, specifically, the guilty pleas entered on January 19, 1990, make him ineligible for conviction of felony DUI. He argues that, when he pled guilty to both charges on January 19, 1990, and the sentences were made to run concurrently, the two charges were consolidated into a single offense. When the 1987 conviction was dropped from his record, he reasons the 1990 plea constituted his first conviction for DUI and nothing more, so that his current conviction is only his third offense rather than his fourth offense. In support of his contentions, he cites KRS 532.080(4), the PFO statute, and *Clark v. Commonwealth*, an unpublished Court of Appeals decision. Furthermore, the appellant submits that by

amending the 1992 offense from DUI fourth offense to DUI third offense, the Commonwealth obligated itself to treat the 1990 plea as a single conviction.

■ In pertinent part, KRS 189A.010(4) provides as follows:

Any person who violates the provisions of subsection (1) of this section shall:

. . . . .

(d) For a fourth or subsequent offense within a five (5) year period, be guilty of a Class D felony.

(e) For purposes of this subsection, prior offenses shall include all convictions in this state, and any other state, or jurisdiction for operating or being in control of a motor vehicle while under the influence of alcohol or other substances that impair one's driving ability, or any combination of alcohol and such substances, or while having an unlawful alcohol concentration, or driving while intoxicated. A court shall receive as proof of a prior conviction a copy of that conviction, certified by the court ordering the conviction.

The plain meaning of the statute seems to make the actual number of prior convictions, not the numerical characterization given to the offense for which a defendant is convicted, the relevant consideration. Whether a prior conviction has been denominated by the convicting court as a second or third offense is of no importance. So long as a defendant has actually been convicted of DUI on three prior occasions within five years, as is the case with the appellant, he can be convicted of DUI fourth offense.

■ Unlike the PFO statute, this statute does not contain any limiting language that would require the January 19, 1990, convictions to be merged for purposes of enhancing this particular DUI. Running sentences concurrently does not affect the number of actual convictions. Though these convictions occurred on the same day, there were two separate plea agreements in two separate cases. The concurrent running of DUI sentences is irrelevant in determining the number of convictions under KRS 189A.010(4)(d) and (e).

Finally, *Clark v. Commonwealth*, an unpublished Court of Appeals decision, even if it were proper authority to be cited, has no application to the particular fact situation here.

The judgment and sentence of the Jefferson Circuit Court is affirmed.

All concur.