913 P.2d 665

Robert COLLYER, Petitioner–Appellant,

v.

STATE OF NEW MEXICO TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.

No. 16235.

Court of Appeals of New Mexico.

Dec. 11, 1995.

Eric Morrow, Stafford Law Offices, Raton, for Petitioner–Appellant.

Tom Udall, Attorney General, Judith Mellow, Special Assistant Attorney General, Santa Fe, for Respondent–Appellee.

## OPINION

BUSTAMANTE, Judge.

1. Robert Collyer appeals from the district court's denial of his petition for a writ of certiorari directing the Motor Vehicle Division (MVD) to treat his criminal conviction for driving while intoxicated (DWI) as a "first offense" rather than as a "subsequent offense." We conclude that the MVD is statutorily required to abide by the legal significance of final adjudications concerning the status of an offender issued by a court pursuant to a plea bargain. We reverse the district court and remand for issuance of the writ.

2. *Facts and Proceedings.* Collyer was charged with DWI under NMSA 1978, Section 66-8-102 (Cum.Supp.1993) (effective until Jan. 1, 1994), in August 1993. Collyer had been convicted of DWI once before and he was aware that a second conviction would result in mandatory revocation of his driver's

license. *See* NMSA 1978, § 66–5–29(A)(3) (Cum.Supp.1993). Collyer's employment required him to maintain his driver's license. He entered into plea negotiations with the State and agreed to plead "no contest" to the charge and pay all fines if the conviction was adjudicated as a first offense so that the mandatory revocation provisions would not apply. The magistrate court accepted the plea in May 1994, and in its judgment and sentence expressly provided that "the conviction is ... a 'first conviction' within the meaning of Section 66–8–102 ... and shall be treated as such for all lawful purposes."

3. As required under NMSA 1978, Section 66–8–135 (Cum.Supp.1993) (effective until Jan. 1, 1994), the magistrate court sent an abstract to the MVD showing Collyer's conviction. Contrary to the requirements of Section 66–8–135(B)(7) the abstract does not appear to state whether the status of the "defendant was [as] a first or subsequent offender[.]" However, the MVD also apparently was provided a copy of the judgment and the plea agreement. Because the MVD had a record of Collyer's prior conviction, it designated Collyer as a "subsequent offender," and suspended his license pending revocation. Collyer petitioned the district court asserting that the MVD did not have the authority to ignore the legal significance of the judgment and arguing that the State was bound by the plea agreement struck by the district attorney (the DA). The district court denied the writ and, in the letter explaining its decision, agreed with the State's argument that "the District Attorney does not have the power to bind the Motor Vehicle Division, which is under a statutory obligation to impose certain restrictions on driving privileges. The MVD was not privy to the plea agreement, and the agreement cannot prevent the MVD from performing its statutory duties. It is not clear, from the language of the agreement itself, that the MVD was *intended* to be bound by the plea agreement."

■ 4. *The MVD is Bound by Judgments of Conviction for DWI.* While the State has argued assiduously that a district attorney cannot bind the MVD with a plea agreement, we conclude that two independent lines of authority support Collyer's entitlement to the writ. First, the State's focus on the abstract and the authority of MVD ignores the magistrate court's judgment and the superior authority of the judicial branch. Once a plea agreement has been accepted by a court of competent jurisdiction, it becomes merged in the judgment of conviction. *See* SCRA 1986, 6–502(D)(3) (Repl.1995) (providing that if a magistrate court accepts a plea agreement, it must inform defendant that the plea agreement will be embodied in the judgment and sentence). The judgment of conviction represents not the authority of the district attorney, but the final authority of the State. It is that judgment, and not the plea agreement, that binds the MVD. *Cf. Cinami v. Cinami,* No. 530630, 1995 WL 604573, at *1 n. 2 (Conn.Super.Ct. Oct. 6, 1995) (stating that once merged into a decree, an agreement loses all independent vitality and the decree controls the rights, privileges, and obligations of the respective parties); *Benavidez v. Benavidez,* 99 N.M. 535, 538, 660 P.2d 1017, 1020 (1983) (stating that a settlement agreement incorporated into a judgment cannot be modified after expiration of the 30–day time limitation in which to modify final judgments).

■ 5. The magistrate court's judgment provided that the conviction could only be used as a "first conviction" for *all* lawful purposes. The MVD was bound by that adjudication. The essence of judicial power is the final authority to render and enforce judgments. *Board of Educ. of Carlsbad v. Harrell,* 118 N.M. 470, 484, 882 P.2d 511, 525 (1994); *Otero v. Zouhar,* 102 N.M. 493, 502, 697 P.2d 493, 502 (Ct.App.1984), *aff'd in part, rev'd in part,* 102 N.M. 482, 697 P.2d 482 (1985). Here, upon agreement of the State, the magistrate court entered a judgment that was intended to have the specific effect of preserving Collyer's driver's license. The State, through the DA or the Attorney General, did not appeal or otherwise challenge this intended effect of the plea agreement. As such, the magistrate court's judgment stands as conclusive between Collyer and the State upon questions of fact and each legal determination flowing from the terms of the judgment. *See Costilla Estates Dev. Co. v.*

*Mascarenas,* 33 N.M. 356, 267 P. 74 (1928); Restatement (Second) of Judgments §§ 85(3) & 27 (1980) (stating that a fact or law actually litigated and determined in a criminal judgment is conclusive against the government in a subsequent civil action unless one of the exceptions in Section 28 applies). As an arm of the State, it cannot be denied that the MVD is bound by the magistrate court's judgment.

■ 6. The MVD is vested only with the power to administer and enforce the Motor Vehicle Code as provided by law. NMSA 1978, § 66-2-3(A) (Cum.Supp.1993). Collyer's license was revoked under the authority of Section 66-5-29(A)(3). That section provides that "[t]he [MVD] shall immediately revoke the license of any driver *upon receiving* a record of the driver's adjudication . . . or conviction of any . . . offense rendering a person a 'subsequent offender' (emphasis added)." However, under Section 66-8-135(B)(7), the court, not the MVD, is the entity that makes the initial determination whether a defendant is a "first" or "subsequent" offender. Thus, the MVD's power to revoke is dependent upon a valid conviction rendering a licensee as a subsequent offender. In this case, by expressly stating that Collyer's conviction was to be considered a first conviction, the court adjudicated Collyer as a first offender. The courts also have the authority to make the final determination of whether a defendant is "subject to suspension, cancellation or revocation of license under the provisions of [the Code]." NMSA 1978, § 66-5-36 (Repl.Pamp.1989); *Cf. Johnson v. Sanchez,* 67 N.M. 41, 49-50, 351 P.2d 449, 454 (1960) (interpreting the former codification of this Section to mean that the court has authority on review only to determine whether sufficient grounds for revocation exist); *Littlefield v. State,* 114 N.M. 390, 392-93, 839 P.2d 134, 136-37 (Ct.App.), *cert. denied,* 114 N.M. 123, 835 P.2d 839 (1992).

7. We note that whenever a person is convicted for an offense for which the Code mandates license revocation, the *court* is to require the defendant to surrender his license to the court, and the court then forwards that license to the MVD, along with the abstract of conviction. *See* NMSA 1978,

§ 66-5-28(A) (Repl.Pamp.1989). The fact that the magistrate court in this case did not require surrender of Collyer's license is further proof of its determination that the conviction was not to be used for mandatory revocation proceedings.

■ 8. *The DA has Statutory Authority to Bind all State Agencies Foreseeably Affected by the Plea Agreement.* A second line of authority also supports Collyer's entitlement to the writ. In addition to our holding that the MVD was bound by the magistrate court's judgment, we also hold that our statutes give district attorneys the authority to bind the MVD.

9. The duties and power of our district attorneys are described by NMSA 1978, Sections 36-1-18 to -22 (Repl.Pamp.1991). District attorneys are required to: "prosecute and defend for the state in all courts of record of the counties of his district all cases, criminal and civil, in which the state or any county in his district may be a party or may be interested." Section 36-1-18(A). District attorneys are specifically authorized to negotiate with criminal defendants in the magistrate courts for entry of guilty or no contest pleas to charged offenses or lesser or related offenses. SCRA 6-502(D). They statutorily have been given wide discretion in fashioning appropriate settlements of civil matters. For example, district attorneys have the power to compromise or settle any suit or proceeding or take any steps "which to [them] may appear proper and right" in handling civil proceedings on behalf of the State in proceedings within their district. Section 36-1-22. "[A]ll compromises, releases and satisfactions . . . made or entered into by [the DA] are hereby confirmed and ratified." *Id.*

10. When the DA represented the State in this case, he also necessarily represented all state agencies that were foreseeably affected by the compromise or settlement agreement he reached in the case. This principle has been followed in other courts. For example, in *Margalli-Olvera v. I.N.S.,* 43 F.3d 345, 353 (8th Cir.1994), the court stated that:

[A]n Assistant United States Attorney enters into a plea agreement on behalf of the

United States government as a whole. Accordingly, promises made by an Assistant United States Attorney bind all agents of the United States government. Therefore, we hold that unless a plea agreement uses specific language that limits the agents bound by the promise, ambiguities regarding the agencies bound by the agreement are to be interpreted to bind the agency at issue.

Likewise, the Fourth Circuit has held that "though the Government negotiates its plea agreements through the agency of specific United States Attorneys ... the agreements reached are those of the Government. It is the Government at large ... that is bound by plea agreements.... It is the Government that 'agrees' to whatever is agreed to." *United States v. Harvey*, 791 F.2d 294, 302–03 (4th Cir.1986).

11. The district court relied on the fact that the MVD was not a named party in the criminal proceeding to support its decision that the MVD was not bound by the agreement. However, the MVD did not need to be named or be an express party to the prior proceedings. *Cf. In re Forfeiture of $14,639 in U.S. Currency*, 120 N.M. 408, 414, 902 P.2d 563, 569 (Ct.App.) (giving collateral estoppel effect in a civil forfeiture proceeding brought by a city police department to a prior decision on a motion to suppress in a criminal proceeding brought by the state), *cert. denied*, 120 N.M. 213, 900 P.2d 962 (1995). In that case, we cited favorably to *Briggs v. State Dep't of Pub. Safety*, 732 P.2d 1078, 1082 (Alaska 1987), in which the court held that the Department of Public Safety and the state were in privity because the agent of the state had authority to represent the government's interests in a final adjudication of the issues in controversy. *In re Forfeiture of $14,639 in U.S. Currency*, 120 N.M. at 414, 902 P.2d at 569. By analogy, in this case, the government's interests in civil license revocation and criminal penalties were adequately and properly represented in the criminal case against Collyer, and the State's representative (the DA) determined it to be in the State's best interest to obtain a criminal conviction and assess criminal penalties in exchange for an agreement not to revoke Collyer's license. There is no authority barring the DA from making such an agreement.

12. The State relies on *Loughran v. Superior Ct.*, 145 Ariz. 56, 699 P.2d 1287 (1985) (en banc). *Loughran* is distinguishable, but application of its dicta supports our holding. In Arizona a county attorney may represent the state in criminal cases only. Thus, the county attorney in that case lacked authority to bind the Department of Transportation in regard to a civil penalty. *Id.* at 1288. The court noted, however, that if the penalty had been criminal, the Department would have been bound. *Id.* Our statutes, as noted above, expressly authorize district attorneys to represent the state in criminal and civil matters. Following the *Loughran* court's reasoning, the MVD is bound because of the authority of the DA to represent the State in civil proceedings. In addition, the plea agreement in the Arizona case was silent as to revocation, *id.*, whereas in this case the parties expressly contemplated no revocation.

### CONCLUSION

13. The MVD must abide by the magistrate court's determination of Collyer's status as an offender and the judgment expressly stated that the conviction was a "first conviction" for all lawful purposes. The DA had the authority to bind the MVD. The MVD had no statutory authority to revoke Collyer's license. The district court is reversed and this matter is remanded for issuance of a writ of certiorari.

14. IT IS SO ORDERED.

PICKARD and BLACK, JJ., concur.