1998-NMCA-173

968 P.2d 1195

**Keith A. MEDROW, Petitioner–Appellee,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 18,980.**

Court of Appeals of New Mexico.

Oct. 20, 1998.

W.H. Greig, Van Soelen, Greig & Richards, P.A., Clovis, for Appellee.

Tom Udall, Attorney General, Judith Mellow, Special Assistant Attorney General, Santa Fe, for Appellant.

*OPINION*

APODACA, Judge.

{1} The Motor Vehicle Division of the State Taxation and Revenue Department (the Division) appeals the district court's decision reversing the revocation of Petitioner Keith Medrow's (Driver) driving license. In so deciding, the district court relied on this Court's opinion in *Collyer v. State Taxation & Revenue Dep't*, 121 N.M. 477, 913 P.2d 665 (Ct.App.1995) (holding that judgment of conviction treating DWI conviction as first offense bound Division to treat it as a first offense). Previously, during the course of the DWI prosecution against Driver, he entered into a guilty plea agreement. Even though Driver had a prior DWI conviction, the plea agreement and the resulting judgment stated that Driver's offense would be treated as a first offense "for all lawful purposes." The Division argues on appeal that a district court judgment treating the conviction as a first conviction "for all lawful purposes" has no effect on a license revocation by the Division under the Implied Consent Act, NMSA 1978, §§ 66–8–105 to –112 (1978, as amended through 1993). We agree and hold that *Collyer's* holding is inapplicable to license revocations under the Implied Consent Act.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} In February 1997, Driver was arrested for DWI. He appeared to be intoxicated, and his two breath test results scored .20. An officer served him with a notice of revocation under the Implied Consent Act, and Driver requested a hearing before the Division. Before the administrative hearing, Driver pled guilty to aggravated DWI, first offense, in the district court.

{3} At the administrative hearing held in May 1997, Driver argued that the district court's judgment in the DWI proceeding bound the Division to consider his conviction a first offense. The hearing officer, however, held that the district court order did not affect the Division's authority to revoke licenses under the Implied Consent Act. Evidence showed that Driver had a previous

revocation under the Implied Consent Act. Consequently, the hearing officer sustained the revocation for one year under Section 66–8–111(C)(3) (imposing a one-year revocation if the person's license was previously revoked under this section). Although Driver questions the basis for the hearing officer's decision, the record on appeal indicates that the revocation was indeed based on the Implied Consent Act.

{4} Driver appealed the revocation to the district court under Section 66–8–112(G) (providing for district court review of revocation by administrative agency), arguing that *Collyer* precluded revocation of Driver's license under the Implied Consent Act. Driver also argued that his license should not be revoked under the Implied Consent Act. The district court reversed the hearing officer's decision on the basis that, under *Collyer*, the district court judgment in the DWI proceeding bound the hearing officer to treat Driver's conviction as a first offense.

## II. DISCUSSION

### A. Appellate Procedure

{5} Before reaching the merits of this appeal, we comment on the Division's brief in chief. Rule 12–213(A)(3) NMRA 1998 requires that references to the record proper for factual allegations accompany the summary of proceedings. The Division did not make a single citation to the record. This failure resulted in the use of scarce judicial resources to search the record for proof of the Division's factual contentions. Consequently, adherence to Rule 12–213(A)(3) is important for efficiency and accuracy in the appellate process. We admonish Division's counsel to follow that rule in future appeals.

### B. Standard Of Review

■ {6} The Division also did not comply with Rule 12–213(A)(4), which requires the Division to state the applicable standard of review. Our own research reveals that we determine whether the Division's interpretation of the Implied Consent Act is unreasonable or unlawful. *See Morningstar Water Users Ass'n v. New Mexico Pub. Util.*

*Comm'n,* 120 N.M. 579, 583, 904 P.2d 28, 32 (1995).

### C. Effect Of The District Court Judgment

■ {7} It is important to recognize that there are several statutory sources authorizing license revocation under certain circumstances. Each statute has its own unique requirements. Revocation under the Implied Consent Act is different than mandatory revocation under the statutes dealing with operators' licenses.

{8} Section 66–8–111(C)(3) of the Implied Consent Act mandates a one-year revocation "if the person has previously had his license revoked pursuant to the provisions of this section." Driver does not contest on appeal that he has a previous revocation under this section. His revocation under Section 66–8–111(C)(3) distinguishes this case from *Collyer,* 121 N.M. at 478–79, 913 P.2d at 666–67. In *Collyer,* 121 N.M. at 477–78, 913 P.2d at 665–66, the Division revoked the driver's license under NMSA 1978, § 66–5–29(A)(3) (1993), the mandatory revocation provision of the general statutes dealing with operators' licenses. Revocation under that section occurs for "any offense rendering a person a 'subsequent offender' as defined in the Motor Vehicle Code." Distinctively, revocation under Section 66–8–111(C)(3) does not require defining Driver as a subsequent offender, as is the case under Section 66–5–29(A)(3). Rather, Section 66–8–111(C)(3) only requires a previous revocation under the Implied Consent Act and does not depend on prior DWI convictions.

{9} This difference refutes Driver's argument that the Division is "statutorily required to abide by the legal significance of final adjudications concerning the status of an offender issued by a court pursuant to a plea bargain." *See Collyer,* 121 N.M. at 477, 913 P.2d at 665. *Collyer* held that NMSA 1978, § 66–8–135(B)(7) (1995) (directing the court to notify the Division of its records so that the Division can perform its obligations under the mandatory revocation provision) requires the court to determine whether a defendant is a first or subsequent offender. 121 N.M. at 479, 913 P.2d at 667. This legal

significance is not relevant under Section 66–8–111(C)(3). Consequently, Driver's reliance on the prosecutor's authority to settle Driver's status is inapposite. *See Navajo Tribe of Indians v. Hanosh Chevrolet–Buick, Inc.*, 106 N.M. 705, 707, 749 P.2d 90, 92 (1988) (presuming that an attorney of record has the authority to settle his or her client's claim in open court unless rebutted by affirmative evidence). The prosecutor in this appeal did not settle the same issue presented in the Division's administrative hearing.

{10} Because the district court's judgment for aggravated DWI, first offense, did not decide the same issue as the administrative hearing, Driver's collateral estoppel argument also fails. *See In re Forfeiture of $14,639*, 120 N.M. 408, 414–15, 902 P.2d 563, 569–70 (Ct.App.1995) (holding that collateral estoppel may preclude civil relitigation of issues resolved in prior criminal trial). The elements of collateral estoppel are: " '(1) the parties are the same or in privity with the parties in the original action; (2) the subject matter or cause of action in the two suits are different; (3) the ultimate facts or issues were actually litigated; and (4) the issue was necessarily determined.' " *Id.* at 414, 902 P.2d at 569 (quoting *Reeves v. Wimberly*, 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct.App.1988)). The district court's judgment held that Driver was guilty of a first offense aggravated DWI. The administrative hearing, on the other hand, determined only if Driver had a previous license revocation under the Implied Consent Act.

## III. CONCLUSION

{11} We conclude that the hearing officer's interpretation of the Implied Consent Act was reasonable and lawful. We hold that *Collyer* is not applicable to license revocation proceedings under the Implied Consent Act. We therefore conclude that the district court's judgment convicting Driver of aggravated DWI, first offense, did not preclude license revocation under Section 66–8–111(C)(3). Consequently, we reverse the district court's decision and remand for rein-

statement of the hearing officer's revocation order.

{12} **IT IS SO ORDERED.**

PICKARD and ARMIJO, JJ., concur.