2000-NMCA-004

994 P.2d 1177

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Dennis C. GAEDE, Defendant–Appellant.**

No. 20,091.

Court of Appeals of New Mexico.

Dec. 7, 1999.

Certiorari Denied Jan. 20, 2000.

Patricia A. Madrid, Attorney General, William McEuen, Ass't Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Laurel A. Knowles, Ass't Appellate Defender, Santa Fe, for Appellant.

*OPINION*

DONNELLY, Judge.

{1} Defendant appeals his conviction as a fourth-time offender of driving while under the influence of intoxicating liquor (DWI). The sole question raised on appeal is whether the district court erred in determining that Defendant was subject to being sentenced as a fourth-time DWI offender instead of a third-time offender. For the reasons discussed herein, we affirm the district court's judgment and sentence.

*FACTS AND PROCEDURAL POSTURE*

{2} Defendant pled guilty to DWI and careless driving on February 3, 1984, in the Alamogordo municipal court. The judgment and sentence, *inter alia*, ordered that Defendant pay a $100 fine and attend DWI school. In 1994 Defendant was again arrested and charged with DWI and other motor vehicle violations in the Otero County magistrate court. However, on October 6, 1994, the State and Defendant entered a plea and disposition agreement whereby Defendant entered a plea of nolo contendere to DWI *first offense*. The 1994 plea and disposition agreement entered after consultation with defense counsel, recited in applicable part that Defendant's plea was subject to:

the following understandings, terms and conditions:

1. That the following disposition will be made of the charges: Sentencing in the discretion of the Court. However [the] State will not oppose mandatory min[imum] sentence of 48 hours. [The] State will not oppose deferred fines on any or all possible fines.

2. That the following charges will be dismissed, or if not yet filed, shall not be brought against the [D]efendant: No Registration; Improper Use of [License] Plate.

{3} The following year, Defendant was once more arrested and charged in the Lincoln County magistrate court with DWI, together with the additional offenses of careless driving and driving while his license was revoked. On May 31, 1995, the State and Defendant entered into a plea and disposition agreement whereby Defendant, who was charged with his third DWI offense, entered a plea of nolo contendere to aggravated DWI *second* offense and driving on a suspended or revoked license. The 1995 judgment and sentence recited that the court found Defendant guilty of "AGGRAVATED DWI 2ND [and] DRIVING WHILE LICENSE REVOKED." In 1998 Defendant was arrested for DWI a fourth time. On October 21, 1998, Defendant pled no contest to the charge of DWI, contrary to NMSA 1978, § 66–8–102 (1997). Defendant's plea agreement to this charge did not contain any limitation concerning the sentence which could be imposed and, at the sentencing hearing, the State presented evidence that Defendant had three prior DWI convictions.

{4} Defendant challenges the efficacy of his first DWI conviction in 1984 and thus argues that the district court erred in finding that he had three prior DWI convictions. Defendant testified that the municipal judge for his 1984 plea of guilty to DWI told him that the DWI conviction would be removed from his record upon his successful completion of DWI school, his payment of a fine, and his maintaining a clear record during his probationary period. Defendant testified that he complied with these conditions and believed his first DWI conviction had been removed from his record.

{5} The district court in the present case concluded that the State's exhibits established that Defendant entered a plea of guilty to DWI in 1984, and that the 1984 incident was, in fact, the first of four DWI convictions involving Defendant. Based upon this determination, the district court sentenced Defendant as a fourth-time DWI offender. Defendant has filed a timely appeal from that judgment and sentence.

*DISCUSSION*

{6} Defendant does not contest the fact that he has entered no contest or guilty pleas to four separate DWI charges, or that he is the same person involved in each of those cases. Instead, Defendant argues that because the municipal court judge who presided over his first DWI conviction in 1984 promised him that his first conviction would be dropped from his record, under due process principles, he was entitled to rely on that promise. Consequently, he reasons that the district court in the present case erred in sentencing him as a fourth-time DWI offender.

{7} The issue thus presented is whether the alleged promise of the judge in 1984 and the plea and disposition agreements entered in Defendant's other two prior DWI convictions restrict the trial judge's hands in the present case so as to preclude Defendant from being sentenced as a fourth-time DWI offender. The issue posed by Defendant involves a mixed question of fact and law. *Cf. State v. Attaway*, 117 N.M. 141, 144–45, 870 P.2d 103, 106–07 (1994) (discussing policy considerations involved in review of district court's application of law to facts). In determining whether Defendant's due process rights have been violated, "we conduct 'an independent review of the record and the applicable law.'" *State v. Palmer*, 1998–NMCA–052, ¶ 4, 125 N.M. 86, 957 P.2d 71 (quoting *State v. Lewis*, 107 N.M. 182, 184, 754 P.2d 853, 855 (Ct.App.1988)).

{8} In order for the State to enhance Defendant's sentence as a third or subsequent DWI offender, the State bears the initial burden of presenting evidence of the validity of each of his prior convictions. *See State v. Duncan*, 117 N.M. 407, 409, 872 P.2d 380, 382 (Ct.App.1994). Once the State establishes a prima facie case showing the existence of valid prior convictions, "the defendant is entitled to bring forth contrary evidence." *Id.* at 412, 872 P.2d at 385. The State, however, bears the ultimate burden of persuasion as to the validity of each of Defendant's prior convictions. *See id.*

{9} At trial, Defendant's testimony was the only oral evidence offered in support of his claim that he was told that his 1984 conviction would be dropped from his record. Defendant also testified that after finishing DWI school in 1984 and completion of his period of probation, he had never been recalled for sentencing and thus he assumed the first conviction had been dropped from his record. Defendant asserts that he testified that he had admitted his guilt or pled no contest to subsequent DWI charges in 1994 and 1995, based on his understanding that the 1984 conviction had been dropped, and that the plea bargains in 1994 and 1995 in effect constituted acknowledgments by the State that the 1984 conviction had been dismissed and did not constitute a valid DWI conviction for the purposes of enhancing his current sentence. Considering that Defendant was responding to leading questions propounded by his attorney, the district court was not bound by Defendant's understanding or version of the events. *See State v. Lopez*, 109 N.M. 169, 170, 783 P.2d 479, 480 (Ct.App.1989) (factual issues are reviewed on appeal for substantial evidence, viewing facts in light most favorable to the prevailing party).

{10} The State presented documentary evidence bearing upon the efficacy of Defendant's 1984 DWI conviction. In support of the 1984 conviction, the State introduced a 1984 judgment and sentence, a waiver of counsel, and a 1984 Alamogordo Department of Public Safety arrest record. The judgment and sentence stated that in 1984 Defendant pled guilty to DWI and careless driving. It also reflects that the municipal court found Defendant guilty of these charges, imposed a fine, ordered Defendant to attend DWI school. The State also presented documentary evidence indicating that Defendant completed DWI school in 1984. The 1994 judgment and sentence imposed by the Otero County magistrate court indicates that Defendant was charged with aggravated DWI second offense, but the court found him guilty of aggravated DWI first offense. The 1995 judgment and sentence indicates that Defendant was charged with aggravated DWI third offense and that pursuant to a plea agreement Defendant pled no contest to aggravated DWI second offense. There is

nothing in the documents showing any acknowledgment by the State that the degree of the offense was required by any previous sentence, plea, or plea bargain.

■ {11} The State argues that the district court in the present case could properly determine that Defendant had been convicted of three prior DWI offenses and enhance Defendant's sentence because a conviction means an adjudication of guilt, irrespective of what sentence was ultimately imposed. *See State v. Woodruff,* 1997–NMSC–061, ¶ 8, 124 N.M. 388, 951 P.2d 605 (holding that uncounseled DWI conviction may be used to enhance subsequent DWI conviction); *State v. Davis,* 104 N.M. 229, 230, 719 P.2d 807, 808 (1986) (the fact of conviction is a determination of guilt, regardless of the sentence imposed); *State v. Larranaga,* 77 N.M. 528, 530, 424 P.2d 804, 805 (1967) (holding that conviction is a finding of guilt and the sentence is a declaration of its consequences). Thus, the State reasons that the district court in the present case could enhance Defendant's fourth DWI sentence and properly find that Defendant's three prior DWI convictions constituted an adjudication of guilt, irrespective of the sentences which were subsequently imposed or the numerical reference in the prior sentences. We agree.

■ {12} New Mexico law provides that a finding of guilt constitutes a conviction, even if there is a deferred sentence ending in dismissal of the charges, a pardon, or the entry of an order setting aside a conviction following a defendant's satisfactory completion of probation. *See Padilla v. State,* 90 N.M. 664, 666, 568 P.2d 190, 192 (1977) (holding that entry of a deferred sentence, even though charges are dismissed after period of probation, constitutes finding of guilt for purposes of enhancement of sentence as an habitual offender); *Shankle v. Woodruff,* 64 N.M. 88, 93, 324 P.2d 1017, 1020 (1958) (stating pardon does not preclude use of prior conviction to enhance subsequent sentence under habitual offender statute); *State v. Edmondson,* 112 N.M. 654, 660, 818 P.2d 855, 861 (Ct.App.1991) (determining that Texas conviction which was "set aside" following probation was a conviction which may be

used for habitual offender sentence enhancement).

{13} This interpretation is shared by courts in states with analogous DWI statutory schemes. *See State v. Waalkes,* 749 P.2d 1360, 1362 (Alaska Ct.App.1988) (holding defendant was third-time DWI offender even though defendant sentenced in two prior cases as a first-time DWI offender); *Johnson v. State,* 55 Ark.App. 117, 932 S.W.2d 347, 349 (1996) ("The element of fourth-offense DWI at issue here is based on the number of prior offenses, not how they were designated."); *Anderson v. Commonwealth,* 905 S.W.2d 871, 873 (Ky.Ct.App.1995) ("The plain meaning of the statute seems to make the actual number of prior convictions, not the numerical characterization given to the offense for which a defendant is convicted, the relevant consideration."); *State v. Barker,* 179 W.Va. 194, 366 S.E.2d 642, 647 (Ct.App. 1988) ("A conviction for third offense DUI requires only two prior DUI convictions."); *see also People v.. Blackburn,* 72 Cal.App.4th 1520, 86 Cal.Rptr.2d 134, 139 (1999) ("Generally, . . . when a plea bargain calls for striking an enhancement, that merely means the enhancement cannot be used to enhance the current conviction."). *But see State v. Smith,* 105 Nev. 293, 774 P.2d 1037, 1041 (1989) (per curiam) (holding, in the context of an affirmance of the trial court's granting of a motion to suppress the prior conviction, that "because it was reasonable for the parties to expect that [defendant's] 1986 conviction would be treated as a first offense in all respects, including penalty enhancement for future drunk-driving convictions, enforcement of the plea agreement is appropriate").

{14} Defendant asserts that the State has failed to respond to his argument that the municipal judge's promise that his 1984 DWI conviction would be dropped and the failure to directly respond to this argument precludes the subsequent use of his first DWI conviction. We disagree. While the State bears the ultimate burden of persuasion, it is within the district court's discretion to determine whether Defendant established the existence and terms of the alleged promise. *See State v. Brown,* 100 N.M. 726, 729, 676 P.2d 253, 256 (1984) ("The credibility of

witnesses is to be determined by the trier of the facts."). The trial court, upon the record made below, could have properly found that the alleged promise did not extend to subsequent convictions.

{15} The district court in the present case entered the following finding in its judgment and sentence:

> Defendant has three (3) prior convictions of Driving While Under the Influence of Intoxicating Liquor or Drugs, and that this conviction a 4th Offense, to wit: First conviction in the Alamogordo Municipal Court on February 3, 1984; Second conviction in the Otero County Magistrate Court on October 6, 1994; and Third conviction in the Lincoln County Magistrate Court in Ruidoso on June 7, 1995.

At the sentencing hearing, the district court noted, among other things, that Section 66–8–102(L)(2) (1997) defines "conviction" as "an adjudication of guilt and does not include imposition of a sentence," and therefore it concluded that each of the prior adjudications of Defendant's guilt constituted a conviction for purposes of enhancement of his present DWI sentence. The district court also determined that the State's documentary exhibits established that Defendant entered a guilty plea to DWI in 1984. Regarding Defendant's testimony as to his understanding of what he was promised by the judge at his 1984 plea, the district court, as the fact finder in the present case, could accord whatever weight it deemed appropriate to Defendant's testimony. Nothing in the documentary exhibits introduced by the State limit the enhancement of Defendant's sentence in the event of subsequent DWI convictions.

{16} Defendant cites *State v. Carlos A.*, 1996–NMCA–082, 122 N.M. 241, 923 P.2d 608, and *Hayes v. State*, 106 N.M. 806, 751 P.2d 186 (1988), in support of his assertion that under basic principles of due process he was entitled to rely on the municipal court judge's promise. The district court in the present case, however, was not bound to accept Defendant's oral testimony concerning the nature and contours of the claimed promise. Moreover, unlike the present case, in *Carlos A.* and *Hayes*, there were no disputes concerning the details of the promises made to the defendants. Absent a showing that Defendant's plea of guilty or no contest to a charge of DWI is expressly conditioned upon a promise that his conviction will not be used in the future to aggravate subsequent DWI sentences, Defendant is not entitled to a claim of immunity from future enhancement of subsequently committed DWI offenses.

{17} This Court addressed an analogous issue to that posed in the instant case in *Collyer v. State of New Mexico Taxation & Revenue Department*, 121 N.M. 477, 913 P.2d 665 (Ct.App.1995). Collyer was charged with a second-offense DWI. Collyer had been convicted of a DWI previously and was aware that a second-offense DWI would result in a mandatory driver's license revocation. Collyer entered into a negotiated plea agreement whereby he agreed to plead nolo contendere to the charge and pay all fines if the conviction was adjudicated as a first-offense DWI, so that his driver's license would not be revoked. The sentencing court accepted the plea and "in its judgment and sentence expressly provided that 'the conviction is ... a "first conviction" within the meaning of Section 66–8–102 ... and shall be treated as such for *all lawful purposes.*'" *Id.* at 478, 913 P.2d at 666 (emphasis added). The Motor Vehicle Division (MVD) subsequently revoked Collyer's driver's license. Collyer appealed the district court's denial of his petition for a writ of certiorari directing the MVD to treat his DWI conviction as a first offense, as opposed to a subsequent offense. The *Collyer* Court held that because the sentencing court's judgment explicitly "provided that the conviction could only be used as a 'first conviction' for *all* lawful purposes," the MVD was bound by the judgment, as the final authority of the State. *Id.* The Court recognized that the district attorney, magistrate court, and Collyer entered a judgment that "was intended to have the specific effect of preserving Collyer's driver's license." *Id.* The Court explained that the MVD's power to revoke a driver's license depended upon the court's judgment rendering Collyer a subsequent offender. *See id.* at 479, 913 P.2d at 667. In addition, the Court held that the district attorney had the authority to bind all state agencies foresee-

ably related to the plea bargain. *See id.* at 479–80, 913 P.2d at 667–68.

{18} The instant case, however, is distinguishable from *Collyer* . First, the plea bargain at issue in *Collyer* was significantly different than the plea agreements in this case. Specifically, the parties to the *Collyer* plea bargain provided that Collyer would be treated as a first-time DWI offender so that his driver's license would not be revoked. The plea bargain explicitly so provided. In contrast, the trial court could find that the parties in this case never agreed in 1994 and 1995 that Defendant's 1984 conviction would not be used to enhance subsequent DWI convictions in the event of subsequent violations of the DWI statute. The fact that Defendant received more lenient treatment in his prior DWI sentences than was authorized by statute does not bind the State to similar lenient treatment in subsequent cases.

{19} In sum, we conclude that the district court neither abused its discretion nor denied Defendant his constitutional rights to due process in concluding that Defendant had three prior convictions which could be used to aggravate Defendant's current DWI sentence.

*CONCLUSION*

{20} The judgment and sentence are affirmed.

{21} IT IS SO ORDERED.

PICKARD, C.J., and APODACA, J., concur.