2002-NMCA-065

49 P.3d 77

John P. ARMIJO, Petitioner–Appellant,

v.

STATE of New Mexico, TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.

No. 21,585.

Court of Appeals of New Mexico.

Feb. 2, 2001.

Certiorari Granted July 27, 2001.

Certiorari Quashed, No. 26,800, Jan. 11, 2002.

Anthony James Ayala, Albuquerque, NM, for Appellant.

Patricia A. Madrid, Attorney General, Julia Belles, Special Ass't Attorney General, Taxation and Revenue Department, Santa Fe, NM, for Appellee.

*OPINION*

PICKARD, Judge.

{1} Petitioner–Appellant (Driver) appeals from the revocation of his driving privileges for a period of ten years pursuant to NMSA 1978, § 66–5–5(D) (1999). The issue on ap-

peal is whether the Motor Vehicle Division (MVD) erred in applying Section 66–5–5(D) against Driver, given the form of the negotiated plea agreement. For the reasons discussed herein, we affirm.

*FACTS AND PROCEDURAL POSTURE*

{2} Driver has been convicted of driving while intoxicated (DWI) on three separate occasions. The third conviction, the subject of this appeal, was pursuant to a plea and disposition agreement by which Driver pleaded guilty to DWI, "first offense pursuant to Section 66–8–102 . . . for all lawful purposes." The metropolitan court accepted the plea and entered the judgment and sentence convicting Driver of DWI, "1st offense," on February 23, 1998.

{3} Thereafter, based on the existence of the three DWI convictions, MVD revoked Driver's license to drive. Driver challenged the revocation, and the MVD Director sustained the revocation, pursuant to Section 66–5–5(D).

{4} Driver then petitioned the district court for review of MVD's decision. The district court concluded that Driver had been convicted of DWI three times within a ten-year period, as contemplated by Section 66–5–5(D), and therefore affirmed. In so ruling, the district court specifically determined that the "first offense" designation appearing in the plea agreement and in the metropolitan court's judgment and sentence did not preclude MVD from revoking Driver's license, because the application of Section 66–5–5(D) depends upon the number of convictions, rather than their sequence or status, and because no intent to preserve Driver's driving privileges is evinced by the relevant documents. This appeal followed.

*DISCUSSION*

{5} Driver argues that the "first offense . . . for all lawful purposes" designation appearing in the plea agreement and the judgment and sentence should preclude MVD from revoking his license pursuant to Section 66–5–5(D), as a matter of due process. The issue presents a mixed question of fact and law. *See State v. Gaede*, 2000–NMCA–004, ¶ 7, 128 N.M. 559, 994 P.2d 1177. In determining whether Driver's due

process rights have been violated, we conduct an independent review of the record and the applicable law. *See id.*

{6} This Court has addressed similar circumstances in two recent cases. In *Collyer v. State Taxation & Revenue Department*, 1996–NMCA–029, 121 N.M. 477, 913 P.2d 665, Collyer challenged the revocation of his license pursuant to NMSA 1978, § 66–5–29(A)(3) (1993), which provides for the mandatory revocation of the license of any "subsequent offender" under the Motor Vehicle Code. Because Collyer's second conviction was entered pursuant to a plea agreement whereby the conviction was adjudicated as a "first offense" for the acknowledged purpose of preserving Collyer's driving privileges, this Court held that MVD's revocation of Collyer's license was in disregard of the terms of the judgment and sentence, and therefore reversed. *See Collyer*, 1996–NMCA–029, ¶¶ 4–7, 121 N.M. 477, 913 P.2d 665. Importantly, in *Collyer*, the only source of statutory authority for a license revocation of a person twice convicted of DWI was Section 66–5–29(A)(3). We also held that the district attorney had the authority to bind MVD by the plea agreement, pursuant to which the State expressly agreed not to revoke Collyer's license. *See Collyer*, 1996–NMCA–029, ¶¶ 8–12, 121 N.M. 477, 913 P.2d 665.

{7} In the case of *Gaede*, 2000–NMCA–004, 128 N.M. 559, 994 P.2d 1177, the defendant challenged his sentencing as a fourth-time DWI offender pursuant to NMSA 1978, § 66–8–102(G) (1997). He asserted with regard to his first conviction that the sentencing judge had promised that the offense would be eliminated from his record if he complied with the terms of the sentence. *See Gaede*, 2000–NMCA–004, ¶ 4, 128 N.M. 559, 994 P.2d 1177. Further, Gaede pointed to the terms of the subsequent convictions, which were designated "first," "second," and "third" offenses, in support of his argument that he could not be treated as a fourth offender. *See id.* ¶ 9. The district court rejected these arguments, and this Court affirmed. With regard to the first conviction, we explained that the district court was entitled to give as little weight to Gaede's asser-

tions regarding the alleged "promise" as it saw fit. *See id.* More importantly, with regard to the "first," "second," and "third" offense designations, we explained that all three prior convictions constituted valid adjudications of guilt, such that the "fourth-offender" requirement of Section 66–8–102(G) was met notwithstanding the numerical references. *See Gaede,* 2000–NMCA–004, ¶ 11, 128 N.M. 559, 994 P.2d 1177.

{8} Applying these authorities to the instant case, we uphold the revocation of Driver's license. The statutory provision applied against Driver, Section 66–5–5(D), merely requires a showing of three convictions within a ten-year period. Section 66–5–5(D) states: **"Persons not to be licensed.** The division shall not issue a driver's license … to any person … who, within any ten-year period, is three times convicted of [DWI]." Further, NMSA 1978, § 66–5–24(A) (1978) authorizes the division to cancel the license of a person not entitled to issuance thereof. Thus, as in *Gaede,* and unlike *Collyer,* the pertinent statute's application depends exclusively on the number of convictions, rather than the order in which they might have occurred. Nor does the portion of the plea agreement providing for treatment of the conviction as a first offense "for all lawful purposes" preclude MVD from applying Section 66–5–5(D) in this case. Treatment of Driver's latest conviction as a first offense "for all lawful purposes" does not eliminate the other convictions from Driver's record. We further note that the judgment entered against Driver is to be analogized to the judgment at issue in *Gaede,* and distinguished from *Collyer,* by the absence of any explicit agreement or acknowledgment that the judgment was intended to have the specific effect of preserving Driver's license to drive. *See Gaede,* 2000–NMCA–004, ¶¶ 17–18, 128 N.M. 559, 994 P.2d 1177. Based on these consider-

ations, we hold that MVD was within its authority to revoke Driver's license.

{9} Driver argues at length that the State's plea bargaining strategy created a belief in his mind that he would only be sentenced pursuant to Section 66–8–102, and that this expectation should be satisfied in the interest of preserving the integrity of the plea bargaining system. We find these arguments to be unpersuasive. Although we acknowledge the importance of plea bargaining to our system of criminal justice and recognize the need to ensure its fair administration, these considerations do not imply that the State is under an obligation to satisfy subjective and erroneous assumptions. MVD points out that drivers who wish to insure that their pleas do not result in adverse action pursuant to Section 66–5–5(D) need to make sure provisions to that effect are contained in the plea agreements and judgments as they were in *Collyer* in order to reap the benefits of the portion of the *Collyer* opinion dealing with the district attorney binding MVD.

*CONCLUSION*

{10} For the foregoing reasons, we hold that the agreement to characterize Driver's latest conviction as a "first offense" did not preclude MVD's enforcement of Section 66–5–5(D) in this case. We therefore affirm.

{11} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and JONATHAN B. SUTIN, Judges.