This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                        **NO. 30,236**

**ROBERT MARCH,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
B. Douglas Woods, III
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

   Defendant appeals his sentence for DWI (fourth offense) challenging the State's

proof as to one of the prior convictions used to enhance his sentence. [MIO 1; DS 3]

We proposed to affirm in a notice of proposed summary disposition, and Defendant

has filed a timely memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum in opposition and remaining unpersuaded, we affirm.

Defendant contests the enhancement of his sentence based upon a DWI conviction in Salt Lake District Court, Salt Lake, Utah, entered August 5, 2002, for an offense occurring on or about April 20, 2002 (the "contested conviction"). [MIO 1] He claims that the district court erred in sentencing him for DWI (fourth offense) based in part on that contested conviction because he is not the person named in the contested conviction. [MIO 1] He notes that the contested conviction is "exhibited by a substantially different social security number." [MIO 1-2; DS 3]

We briefly set forth the evidence introduced at the sentencing hearing. The State introduced evidence of three prior convictions from Utah judgments. [MIO 2; RP 69-71, 78-79] The contested conviction is for someone named Robert March with a social security number of 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. [MIO 2; DS 2] The social security number listed for the remaining prior convictions and in this case (the instant conviction) is 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. [MIO 2; DS 2]

At the hearing, Tom Brown, a fingerprint expert, testified that there are three social security numbers in the NCIC identification system belonging to the same Robert March as identified within the NCIC system by his fingerprints. [MIO 2; RP

70-71] Although none of the three social security numbers matching those prints was 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, Brown explained that the fingerprints associated with the contested conviction are the same as the fingerprints associated with the other three social security numbers. [MIO 2-3; RP 70-71] He explained that results are kept by fingerprint classification, not name or social security number, and the fingerprints indicated that the convictions were all of the same person. [DS 3; RP 70-71] Apparently, the contested conviction is the only conviction associated with the social security number 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. [MIO 2]

Given the differences in social security numbers, Defendant contends that the court erred in sentencing him as an offender with three prior convictions including the contested conviction. [MIO 3; DS 2] We disagree.

To enhance Defendant's sentence as a fourth DWI offender, "the [s]tate bears the initial burden of presenting evidence of the validity of each of his prior convictions." *State v. Gaede*, 2000-NMCA-004, ¶ 8, 128 N.M. 559, 994 P.2d 1177 (filed 1999). If the State establishes a prima facie case showing the validity of the prior convictions, Defendant may bring forth any evidence to the contrary. *See id.* "The [s]tate, however, bears the ultimate burden of persuasion as to the validity of each of [the d]efendant's prior convictions." *Id.* The State need not prove the existence of the prior convictions beyond a reasonable doubt but only by a

preponderance of the evidence. *See State v. Sedillo*, 2001-NMCA-001, ¶¶ 5, 10, 130 N.M. 98, 18 P.3d 1051 (filed 2000); *see also State v. Smith*, 2000-NMSC-005, ¶¶ 8, 11, 128 N.M. 588, 995 P.2d 1030 (stating that in order to obtain a sentencing enhancement pursuant to the habitual offender statute, the state must prove by a preponderance of evidence that the defendant has prior convictions).

In our previous notice, we proposed to hold that the district court could have found, by a preponderance of the evidence, that Defendant was the same person convicted of DWI in the contested conviction because the person convicted of the contested conviction has the same fingerprints as the person convicted in the instant conviction. *See Sedillo*, 2001-NMCA-001, ¶ 10. In his memorandum in opposition, Defendant claims that the State's evidence is insufficient because Brown did not compare the fingerprints of the person named in the instant conviction with those taken during the contested conviction. [MIO 6] We are unpersuaded.

Our review of Brown's testimony indicates that he indeed compared the fingerprints from the contested conviction to those in the instant conviction. [RP 70-71] Brown examined State's exhibit #2, which is the fingerprint card from the arrest on September 9, 2009, and State's exhibit # 3, which is the fingerprint card dated August 5, 2002, from the contested conviction. [RP 71, 73] He then stated that they are the same individual. [RP 71] This is sufficient for the district court to conclude

that the State has met its burden to show by a preponderance of the evidence that Defendant is the person who was convicted of the contested conviction. *See State v. Clements*, 2009-NMCA-085, ¶ 29, 146 N.M. 745, 215 P.3d 54 (noting that the state's *failure* to submit into evidence a fingerprint card or any conclusions of a fingerprint expert, warranted a finding that the State failed to make a prima facie showing of a prior conviction (emphasis added)), *cert. denied*, 2009-NMCERT-007, 147 N.M. 362, 223 P.3d 359. Defendant also claims that Brown's testimony should be discounted because he failed to testify as to how he reached his conclusions regarding the fingerprints. [MIO 8] Defendant claims that Brown failed to show that he relied on sound and reliable methodology that is accepted for purposes of comparing fingerprints and failed to establish a meaningful correlation between the two sets of fingerprints. [MIO 8-9] We are unpersuaded that this alleged failure to provide testimony as to his methodology warrants reversal because Defendant failed to raise this objection in district court. *See State v. Foster*, 1999-NMSC-007, ¶ 43, 126 N.M. 646, 974 P.2d 140 (recognizing that, if the opposing party fails to move to strike the expert testimony for failure to disclose the underlying data or facts, "the issue is not preserved for appellate review").

Review of the testimony summary from the hearing indicates that Defendant never objected to Brown's qualification as an expert. [RP 69] Although he cross

examined Brown, Defendant never sought to explore or discredit his testimony that the fingerprints on both exhibits were taken from the same person. [RP 71] Instead, he only elicited additional testimony that there could be a mistake in the social security number or date of birth. [RP 71] Therefore, we decline to consider whether Brown's testimony was deficient due to his failure to testify as to the basis for his conclusions. *See id.*

In sum, our review of the testimony and exhibits submitted by the State leads us to conclude that the State made a prima facie case that the contested conviction is a valid prior conviction of Defendant and that Defendant failed to rebut the State's case. [DS 2-3; RP 70-72]

**CONCLUSION**

For these reasons as well as those set forth in our notice of proposed summary disposition, we affirm Defendant's convictions and his sentence for DWI (fourth offense).

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**

7